UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**CHRISTINE MENCARELLI**,

                  Plaintiff,                      <u>**COMPLAINT**</u>

      -against-                            <u>PLAINTIFF
                                                      DEMANDS TRIAL
                                                        BY JURY</u>

**LONG ISLAND RAIL ROAD COMPANY**,

                  Defendant.
------------------------------------------------------------------X

Plaintiff complaining of the defendant by her attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

### The Parties

1. At all times hereinafter mentioned, plaintiff CHRISTINE MENCARELLI was employed by the defendant, LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR utility brakeman.

2. At all times hereinafter mentioned, plaintiff was in the course and scope of her work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, defendant was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 & 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331.

## Liability

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the train yard known as the LIRR Morris Park Yard, Queens, New York, hereinafter the MORRIS PARK YARD.

8. Upon information and belief, at all times hereinafter mentioned, the MORRIS PARK YARD, was comprised of LIRR railroad tracks and railroad track switches driven over by LIRR locomotives and trains, including but not limited to Morris Park switch 47.

9. Upon information and belief, at all times hereinafter mentioned, LIRR performed inspection, maintenance and repair work, on the railroad track switches driven over by LIRR locomotives and trains, including but not limited to Morris Park switch 47.

10. That on August 27, 2015, as plaintiff was operating the Morris Park switch 47, the track switch unexpectedly and abruptly malfunctioned, held up and stopped causing plaintiff to sustain the injuries hereinafter set forth.

11. That the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees, in causing, permitting and allowing the track switch, tracks, and roadbed, their parts and appurtenances, to be, become, and remain improperly maintained, unsafe, perilous and hazardous, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

12. That the aforesaid occurrence was due to the violation by defendant, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USCA § 51, and the rules and regulations promulgated thereunder.

### Injuries and Damages

13. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to her limbs, right shoulder, arm, neck, body, head, back and shock to her nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and

other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to her damage in a sum not exceeding $5,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in a sum not exceeding $5,000,000.00, together with the costs and disbursements of this action.

Dated: November 6, 2017
New York, New York

                      FLYNN & LAURIELLO PLLC
                      Attorneys for Plaintiff

                      BY_____
                      VALERIE J. LAURIELLO (VL6192)
                      Attorney at Law
                      Office & P.O. Address
                      5 Penn Plaza – 23rd Floor
                      New York, New York 10001
                      Tel. 212-896-3812

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------

**CHRISTINE MENCARELLI,**

                                               Plaintiff,

-against-

**LONG ISLAND RAIL ROAD COMPANY**,

                                               Defendant.

-----------------------------------------------------------------------------------------

## COMPLAINT

-----------------------------------------------------------------------------------------

*FLYNN & LAURIELLO PLLC*
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812